**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

URNESHA YOUNG,

      Plaintiff,

      v.

CAPITAL SK ENTERPRISES 2 INC.,

      Defendant.

                            /

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, URNESHA YOUNG ("Plaintiff") pursuant to *29 U.S.C. § 216(b)*, files the following Complaint against Defendant, CAPITAL SK ENTERPRISES 2 INC., ("CAPITAL SK"), (hereafter "Defendant"), and alleges as follows:

1. This action arises under the Fair Labor Standards Act ("FLSA"), pursuant to *29 U.S.C. §§ 201–216*, and the Florida Minimum Wage Act ("FWA"), pursuant to Fla. Stat. 448.110, to recover all overtime and minimum wages owed to Plaintiff during the course of her employment with Defendant.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, CAPITAL SK, was a Florida Profit Corporation located and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

4. CAPITAL SK is headquartered and operates its principal location at 8100 West Mcnab Road, North Lauderdale, Florida 33068.

5. Defendant, CAPITAL SK, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. The acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, CAPITAL SK, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

9. This Honorable Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to *28 U.S.C. § 1367*.

## GENERAL ALLEGATIONS

10. Defendant, CAPITAL SK, owns and operates a 7-Eleven convenience store and gas station in South Florida.

11. Defendant, CAPITAL SK employs Cashiers such as Plaintiff to perform the labor involved in operating its convenience stores.

## FLSA COVERAGE

12. Defendant, CAPITAL SK, is covered under the FLSA through enterprise coverage, as CAPITAL SK was engaged in interstate commerce during all pertinent times in which Plaintiff was employed.  More specifically, CAPITAL SK's business and Plaintiff's work

for CAPITAL SK affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant, CAPITAL SK, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B).*

13. During her employment with Defendant, CAPITAL SK, Plaintiff, and multiple other employees, handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to: various types of chips, candy, snacks, Bugles, Cheez-Its, Check Mix, Doritos, Takis, various brands of coffee, various brands of juices, Modelo beer, Heineken beer, Corona beer, domestic beer, crafted beer, various brands of flavored malt, Dos Equis beer, Pacific beer, Stella Artois beer, Tecate beer, various brands of wine, champagne, Monster energy drinks, 5-Hour energy shots, Red Bull, Big Gulp drinks, Coca-Cola, Pepsi-Cola, plastic forks, plastic cubs, plastic knives, sugar packets, Slurpees, fruit, pretzels, Advil, various different medicines, hand sanitizer, etc.

14. Defendant, CAPITAL SK, regularly employed two (2) or more employees during the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, CAPITAL SK's business an enterprise covered by the FLSA.

15. Upon information and belief, Defendant, CAPITAL SK, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019, and is expected to gross in excess of $500,000.00 in 2020.

16. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, CAPITAL SK, within the meaning of the FLSA.

**PLAINTIFF'S WORK FOR DEFENDANT**

17. On or about October 23, 2019, Plaintiff began working for Defendant, and continued to do so until about January 12, 2020.

18. Plaintiff worked an average of fifty (50) hours per week throughout her employment with Defendant.

19. Though Defendant agreed to pay Plaintiff $9.75 per hour, it very frequently actually failed to pay her the applicable state minimum wage.[1]

20. In addition, Defendant refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40).

21. Defendant was expressly aware of the overtime work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving the proper overtime rate during her entire employment period with Defendant.

22. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff has been required to retain the undersigned counsel and is therefore entitled to recover liquidated damages, reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***

23. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as though set forth fully herein.

24. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

---

[1] In 2019, the applicable Florida minimum wage was $8.46 per hour.

25. During the time period relevant to this lawsuit, Plaintiff worked an average of fifty (50) hours per week.

26. Defendant refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40).

27. Plaintiff is entitled to recover statutorily proscribed federal overtime wages at a rate of half-time per hour, for all hours worked in excess of forty (40) per week.

28. Plaintiff therefore claims the time-and-one-half rate for each hour worked in excess of forty (40) per week, during the time period between October 23, 2019 and January 12, 2020.

29. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendant knew of the overtime requirements of the FLSA. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

30. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

31. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

32. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, URNESHA YOUNG, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, CAPITAL SK ENTERPRISES 2 INC., and award Plaintiff: (a) unliquidated damages; (b) liquidated; (c) reasonable attorney's fees; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## COUNT II – FLORIDA MINIMUM WAGE VIOLATIONS – *Fla. Stat. 448.110*[2]

33. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 22 as though set forth fully herein.

34. Plaintiff alleges this action pursuant to the Florida Minimum Wage Act ("FMWA"), *Fla. Stat § 448.110*.[3]

35. Plaintiff worked one or more weeks for Defendant and did not receive at least Florida's minimum wage rate of $8.46 per hour in 2019.

36. Plaintiff worked one or more weeks for Defendant and did not receive at least Florida's minimum wage rate of $8.56 per hour in 2020.

37. Defendant failed to pay Plaintiff at least the equivalent of Florida's minimum wage rate for all hours worked up to forty (40) in one or more work weeks during Plaintiff's employment.

38. Defendants therefore wrongfully deprived Plaintiff of wages to which she was lawfully entitled pursuant to *Fla. Stat § 448.110.*

39. Defendants willfully and intentionally refused to pay Plaintiff Florida's applicable minimum wage, as Defendant knew or should have known of the state minimum wage requirements and either intentionally avoided or recklessly failed to investigate proper payroll practices.

40. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

---

[2] Plaintiff fully complied with the pre-suit notice requirements set forth under *Fla. Stat. § 448.110* by serving Defendant with written notice of her Florida minimum wage and allowing Defendant fifteen (15) calendar days to remedy the violations prior to filing this lawsuit. Defendant failed to avail itself of this opportunity.

[3] The Florida minimum wage is interpreted in accordance with the FLSA. *See Fla. Stat. § 448.110*; FLA. CONST. art. X, §24.

WHEREFORE, Plaintiff, URNESHA YOUNG, respectfully requests that this Honorable Court enter judgment in favor of Plaintiff against Defendant, CAPITAL SK ENTERPRISES 2 INC., and award Plaintiff: (a) double unpaid state minimum wages as provided by the Florida Minimum Wage Act, *Fla. Stat. 448.110*; (b) all reasonable attorney's fees and litigation costs as permitted under the Florida Minimum Wage Act; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, URNESHA YOUNG, requests and demands a trial by jury on all appropriate claims.

**Dated this 1st day of March, 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Urnesha Young*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 1, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: